IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

EMANUEL JOHNSON, JR., et al.,
on behalf of themselves and as
Representatives of a Class of all
Others Similarly Situated,

      Plaintiffs,

v.

JANET RENO, in her official
capacity as Attorney General of the
United States of America,

      Defendant.

Civ: No. 93-0206 TFH
Hon. Thomas F. Hogan

FILED

DEC 22 2000

---

**NOTICE OF PROPOSED
MEDIATION SETTLEMENT AGREEMENT**

**IF YOU ARE A BLACK SPECIAL AGENT
WHO HAS BEEN EMPLOYED BY THE FBI AT ANY
TIME SINCE MARCH 5, 1991, AND BEFORE
OCTOBER 14, 1993, PLEASE READ THIS NOTICE
CAREFULLY, IT MAY AFFECT YOUR RIGHTS[1]**

**I.**    **BACKGROUND**

This lawsuit, <u>Johnson, et al. v. Reno, Civ.</u>, Action 93-0206 TFH, was filed on February 1, 1993, against the Attorney General of the United States of America, by certain Black Special Agents, on behalf of themselves and a class of all Black Special Agents who are or were employed by the Federal Bureau of Investigation ("FBI") at any time between March 5, 1991, and October 14, 1993. The lawsuit claimed that various FBI employment policies and practices discriminated against Black Special Agents based on their race and as a result Black Special

---

[1] This Notice is provided pursuant to Rule 23(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and § 108 of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(n).



EXHIBIT
D1
CA 05-1835

Agents were deprived of various promotional and other career enhancing opportunities at the FBI.

Defendant denied that its employment policies unlawfully discriminated based on race. Based on certain statistics and lengthy negotiations, the parties settled the lawsuit through an agreement approved by the United States District Court for the District of Columbia (the "Settlement Agreement"), after providing notice to all Special Agents and holding a hearing to ensure that the agreement was a fair resolution of the class claims. The Settlement Agreement became effective on October 14, 1993, and was set to expire five years later on October 14, 1998.

The Settlement Agreement provided, among other things, that the FBI would grant both retroactive and prospective relief to the class. Although most of the Settlement Agreement's terms were fully implemented and, therefore, have expired, three areas of the prospective relief remain uncompleted. These areas relate to reforms of the FBI's Executive Development and Selection Program, the Performance Appraisal Ratings system, and the Disciplinary system.

Based on a joint motion by the parties, a Settlement Agreement Amendment ("Amendment") was approved by the Court on May 17, 2000, which applied retroactively to October 14, 1998.[2] The Amendment extended the time period for the FBI to implement the uncompleted portions of the prospective relief and clarified other aspects of the Agreement. The Amendment also altered the enforcement provisions of the Settlement Agreement to simplify and streamline mediation.

After the Amendment was approved, the parties initiated mediation using the new procedures to resolve allegations that the FBI's failure to complete portions of the prospective

---

[2] The parties had sought previous extensions of the Agreement to enable the parties to develop the details of the Amendment. The most recent extension had expired March 1, 2000.

relief resulted in an adverse impact on black Special Agents in promotions, discipline and personnel evaluations. The parties disagreed as to whether the FBI substantially complied with its obligations under the Agreement and whether an adverse impact actually existed.

After careful consideration and analysis of the issues and potential litigation risks, the parties entered into a Mediation Settlement Agreement ("MSA"). Under the MSA, the parties agreed that the FBI would provide class members who had pending administrative EEO or future administrative EEO claims that are based on alleged race discrimination in certain promotions, discipline or performance appraisals with an opportunity to elect an alternative review of such claims by a neutral mediator.

In addition to resolving the plaintiffs' race-based claims, the parties mediated and resolved all outstanding attorneys' fees and costs from October 1993 through the effective date of the MSA (with certain limited possible exceptions).

This notice is intended only to inform class members of the terms agreed to in the proposed MSA. Nothing in the MSA is an admission of liability on the part of the FBI. The Court has not decided the validity of any of plaintiffs' claims which formed the basis of this lawsuit and this Notice should not be understood as an expression of any opinion by the Court as to merits of any claim or defense asserted by either party in this lawsuit or in mediation.

## II.   CLASS ACTION RULING

By Order dated April 19, 1993, the United States District Court for the District of Columbia certified the following plaintiff class pursuant to Rule 23(b)(2), Fed. R. Civ. P.:

> All Black Special Agents currently employed by the Federal Bureau of Investigation ("FBI") or who have been employed by the FBI at anytime from March 5, 1991 through October 14, 1993.

### III. PROPOSED MEDIATION SETTLEMENT AGREEMENT

The parties have entered into the MSA to resolve all outstanding class issues related to promotions, discipline and performance evaluations raised by plaintiffs in mediation. The MSA also resolves all outstanding attorneys' fee issues from October 14, 1993 through the effective date of this Agreement (with certain limited possible exceptions).

The description of relief provided below is intended only to summarize the important aspects contained in the MSA and does not provide opinion, analysis, or a complete description of all terms and conditions contained in the MSA, the Amendment or the original Settlement Agreement. Copies of the MSA are available for review for any interested FBI Agent in each Field Office, Resident Agency, Legal Attaché, and Headquarters Division. The original Settlement Agreement and the Settlement Agreement Amendment are on file and may be examined or copied at the Office of the Clerk of the United States District Court for the District of Columbia, located at 3rd & Constitution Avenue, N.W., Washington, D.C. 20001.

A. <u>Scope of the Mediation Settlement Agreement</u>

The MSA provides that any class member who has a pending or future EEO claim alleging certain race discrimination claims may elect an alternative review process using a neutral mediator for those claims. The alternative review process is exclusive; that is, a class member who elects to use the alternative review process may not pursue the claim, by appeal or otherwise, before the EEOC, the Department of Justice or any court or other judicial, quasi judicial or administrative body.

To be eligible for the alternative review process, the claim must:

(1) be based on an individual disparate treatment theory of recovery alleging discrimination: (a) non-selection for a promotion from a GS-13 to a GS-14 position; (b)

final disciplinary action resulting from certain disciplinary offenses (not involving terminations); or (c) performance evaluation where the class member is a GS-13 and his or her rating was "superior"; and

(2) have *either* arisen after October 14, 1993, and be pending as of the effective date of the MSA *or* have arisen at some point after the effective date of the MSA through the completion of the FBI's obligations under the Settlement Agreement Amendment approved by the Court on May 17, 2000.

By electing to pursue the alternative review process, the class member waives any individual right to monetary compensation. Any back-pay or compensatory damages awarded as a result of the review process for qualifying claims will be put into a fund administered by plaintiffs' class counsel to be distributed to the class.

B.   Procedures for Bringing and Pursuing Alternative Process

For pending claims, eligible class members must submit a written request for a decision under the alternative review process within thirty (30) days of receiving notification of their right to relief under the MSA. A separate notice will be issued to this effect after final approval of the MSA by the Court.

For claims arising after the effective date of the MSA, eligible class members must follow existing regulations governing contact with an EEO counselor, EEO counseling, and filing of an EEO complaint. Once the eligible class member is issued a "Notice of Right to File A Discrimination Complaint," the class member will have fifteen (15) calendar days to file a complaint with the FBI's Designated Official, which will initiate processing under the alternative review process.

Once the FBI receives a class member's request to use the alternative process, the FBI will have ninety (90) days to conduct an investigation which it may extend by sixty (60) days if necessary. Once complete, the FBI's Designated Official will forward a Report of Investigation to the class member and to a Recommending Official. The class member will then have twenty-one (21) days to submit a statement in support of his or her claim to the Recommending Official. The FBI will have twenty-one (21) days to respond. After receiving all statements, the Recommending Official will schedule a hearing. The class member may appear at the hearing *pro se* or through a designated representative. The hearing will be limited to one hour per party and may be conducted by telephone or in person at the Recommending Official's discretion or may be waived at the class member's discretion.

The Recommending Official will have ninety (90) days to complete a Recommended Disposition and forward it to the Director. The Director will have ninety (90) days to accept or reject the Recommended Disposition. The Director will accept the Recommended Disposition unless it lacks substantial justification or is clearly erroneous. The Director's decision is final and may not be reviewed or appealed in any way.

### Class Fund

Any monetary sum awarded to a class member using the alternative review process will be placed into an interest bearing Class Fund maintained by class counsel. At the close of the time period for bringing claims under the alternative review process, the Class fund shall be distributed by class counsel to class members on a *pro rata* basis using certain criteria contained in the MSA.

Attorneys' Fees and Costs

With certain exceptions, the FBI agreed to pay plaintiffs $230,000 to resolve all attorneys' fees and costs incurred by plaintiffs from October 14, 1993, through the effective date of the MSA. In addition, plaintiffs may use the existing monitoring fund to cover fees associated with statistical analysis, and other expenses or fees, including attorneys' fees necessary to review, enforce or implement any of the provisions of the original Settlement Agreement or Settlement Agreement Amendment.

Once the monitoring fund is exhausted, plaintiffs may not seek or obtain costs associated with statistical analysis. Plaintiffs may, however, seek additional attorneys' fees under certain circumstances.

Effective Date

The MSA will become effective upon final approval by the Court following any fairness hearing that the Court, in its discretion, may hold.

\* \* \* \* \*

**The above summary is provided to put you on notice of the important aspects of MSA. You should read the entire original Settlement Agreement, Settlement Agreement Amendment and MSA to know their complete terms, conditions and limitations.**

\* \* \* \* \*

VII. **RIGHTS AND OBLIGATIONS OF CLASS MEMBERS**

- The original named plaintiffs in this class action are Emanuel Johnson, Jr., Morris A. Blueford, Verne Dickerson, Sherry L. Davis, Nolan Doby, Johnnie M. Gibson, Cecily Graham, Arthur Grovner, Joseph Calvin Jackson, Alfred Johnson, Allen F. Jordan, Jr., Ronald D. Kemp, Leadell Lee, Donovan Leighton, James A. McIntosh, Produs "Scott" M. Perkins, Tyrone Powers, Prince Earl Ross, Peter Reneau, Benjamin Russell, III, and Julian Stackhaus. They are

7

DC #97401 v3

the class representatives, and their counsel, David J. Shaffer and Jeffrey L. Taren, will act as your counsel throughout the proceedings in this case.

- If you do not wish to be represented by plaintiffs' counsel, you may appear on your own behalf or, at your own expense, by your own attorney, at any fairness hearing that the Court may hold.

- You may advise the Court yourself or through counsel, if, at any time, you consider that you are not being fairly and adequately represented by the named plaintiffs and their counsel.

- You will be bound by all the terms of the MSA, should the Court approve it, and will thereafter be prohibited from challenging, any of its provisions. The MSA will become effective according to its terms upon full and final approval by the Court (or following any appeals of the court's approval).

- You may provide comments or objections to the MSA as provided in the following section.

## VIII. WRITTEN SUBMISSIONS CONCERNING THE MSA's FAIRNESS TO THE CLASS

Any Agent who believes that he or she will be affected by the MSA may comment on or object to the approval of the MSA either individually, or by the Agent's own counsel, by filing a written comment or objection with the Clerk of Court for the United States District Court for the District of Columbia. Any and all comments and objections must be filed ~~no later than 4:00 P.M.~~ *within sixty (60)* ~~on _____, 2000.~~ *days of the date of this order.* *TFH*

Any objection filed must state the specific reasons supporting the objection, including citation of legal authority, and must include evidence of membership in the class or employment

with the FBI. Any objections must be filed with the Clerk of Court, with proof of service[3] on the following counsel:

| Counsel for Plaintiffs | Counsel for Defendant |
|---|---|
| DAVID J. SHAFFER<br>Thelen Reid & Priest LLP<br>701 Pennsylvania Ave., N. W., Suite 800<br>Washington, D.C. 20004<br>(202) 508-4000 | ANDREA M. SHARRIN<br>Department of Justice<br>Civil Division - Federal Programs Branch<br>901E Street, NW, Room 936<br>Washington, DC 20530 |

- or -

JEFFREY L. TAREN
Kinoy, Taren, Geraghty && Potter, P.C.
224 South Michigan Ave.
Room 300
Chicago, IL 60604
(312)663-5211

## V. ADDITIONAL INFORMATION

The pleadings and other records in this litigation, including copies of the original Settlement Agreement, Settlement Agreement Amendment and the MSA may be examined at the office of the Clerk of the United States District Court for the District of Columbia, 3rd & Constitution, N.W., Washington, D.C. 20001. Any questions you have concerning matters contained in this Notice or about the lawsuit generally should **not** be directed to the Court, but should be directed to counsel for plaintiffs as listed above.

**IT IS SO ORDERED:**

DATE: Dec. 22, 2000

_____
THOMAS F. HOGAN, J.

---

[3] Proof of service may be accomplished by providing counsel for plaintiffs and counsel for defendant with a copy of the filing either by hand delivery or first class mail

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMANUEL JOHNSON, JR., et al.,
on behalf of themselves and as
Representatives of a Class of all
Others Similarly Situated,

           Civ: No. 93-0206 TFH
           Hon. Thomas F. Hogan

    Plaintiffs,

  v.

JANET RENO, in her official
capacity as Attorney General of the
United States of America,

    Defendant.

## FOR CLASS MEMBERS WHO ARE FORMER EMPLOYEES

## ACKNOWLEDGMENT OF NOTICE
## OF PROPOSED MEDIATION SETTLEMENT AGREEMENT

I, _____, hereby acknowledge that I have received the
   [PLEASE PRINT OR TYPE YOUR NAME]

Notice of Proposed Mediation Settlement Agreement in Johnson v. Reno, No. 93-0206. I further

state that I am a class member previously employed as a Special Agent by the Federal Bureau of

Investigation and have returned this acknowledgment form, signed and dated, to counsel for

plaintiffs, via first class mail:

    David J. Shaffer, Esq.
    Thelen, Reid & Priest, LLP
    701 Pennsylvania Avenue, NW
    Suite 800
    Washington, D.C. 20004

Date:_____          _____
                                                       Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMANUEL JOHNSON, JR., et al.,
on behalf of themselves and as
Representatives of a Class of all
Others Similarly Situated,

        Plaintiffs,

v.

JANET RENO, in her official
capacity as Attorney General of the
United States of America,

        Defendant.

Civ: No. 93-0206 TFH
Hon. Thomas F. Hogan

## FOR CURRENT EMPLOYEES

### ACKNOWLEDGMENT OF NOTICE
### OF PROPOSED MEDIATION SETTLEMENT AGREEMENT

I, _____[PLEASE PRINT OR TYPE YOUR NAME]_____, hereby acknowledge that I have received the Notice of Proposed Mediation Settlement Agreement in <u>Johnson v. Reno</u>, No. 93-0206.

Date:_____

                                                     _____
                                                         Signature

DC #97401 v3