UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gloria Oliver-Simon, | : | |
|     Plaintiff, | : | |
| v. | : | Civil Action No. 01-2169 (JDB) |
| Anthony Principi, Secretary, U. S. Department of Veterans Affairs, | : | |
|     Defendant. | : | |

FILED

OCT 3 1 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Plaintiff Gloria Oliver-Simon ("plaintiff") challenges a series of selections for positions at the Department of Veterans Affairs ("defendant") over a roughly five-year period under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). She raises claims of race, gender and age discrimination. Defendant has moved to dismiss the majority of plaintiff's claims for failure to exhaust administrative remedies within the applicable time limits. Plaintiff responds to defendant's motion with two arguments: that her claims were accepted and investigated administratively, and therefore defendant is barred from now raising a failure to exhaust, and that under the "continuing violation" doctrine the contested claims are timely. This case requires the Court once again to apply the recent decision of the Supreme Court in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. ___, 122 S.Ct. 2061 (2002).

## BACKGROUND

Plaintiff has been employed with defendant since 1980, and currently holds the position of Supervisory Human Resources Specialist, GS-14. First Amended Complaint ("Am. Compl.") at ¶ 4. In her 18-page, 41-paragraph complaint, she details over twenty discrete claims of alleged employment discrimination relating to non-selections for positions that she sought from 1995


EXHIBIT
U
CA 05-1835

through 2001. It is conceded that plaintiff first contacted an EEO counselor in May 1999, and filed her formal complaint on June 17, 1999. Thereafter, plaintiff filed a second (or amended) administrative complaint on January 12, 2001, after contacting the EEO office on November 30, 2000. She initiated this action on October 19, 2001, while her administrative claims remained pending before the agency.

In a motion for partial dismissal, defendant moved to dismiss all but four of plaintiff's claims for failure to exhaust administrative remedies in a timely fashion. In response, plaintiff has specified that she is proceeding in this action on thirteen discrete selection claims having "adverse action dates" that she identifies as being between "after October 1997" and "July 2001." See Plaintiff's Memorandum in Opposition ("Plaintiff's Opp.") at pp. 2-3. As to the first twelve of those claims, plaintiff asserts that she exhausted her administrative remedies, principally on the basis that those claims were accepted, processed and investigated administratively. Plaintiff submits, therefore, that defendant cannot re-litigate the timeliness of her claims because defendant had adequate notice of the claims and an opportunity to defend itself, and will not be prejudiced if the claims are litigated on the merits in federal court. Plaintiff also relies on a continuing violation theory in response to defendant's timely exhaustion argument, asserting that the Supreme Court's decision in Nat'l R.R. Passenger Corp. v. Morgan is not instructive because she raises a "pattern and practice" claim of discrimination. Plaintiff further contends that the thirteenth claim she presents is properly before the Court because, as a retaliation claim, she was not required to exhaust administrative remedies as to it. Finally, plaintiff also seeks to amend her complaint again to add a claim on a position admittedly (but inadvertently) omitted from her complaint.

## DISCUSSION

The governing regulation requires a federal employee who believes that she has been the victim of discrimination to seek EEO counseling within 45 days from the date on which she became aware of the alleged discrimination. See 29 C.F.R. § 1614.105(a)(1). As a general matter, failure to exhaust administrative remedies in a timely fashion ordinarily will bar a plaintiff from proceeding on her claims in court. Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985); Williamson v. Shalala, 992 F.Supp. 454, 457 (D.D.C. 1998). However, the requirements for timely filing of administrative claims "are not jurisdictional prerequisites to suit, but are more 'like a statute of limitations, [which] is subject to waiver, estoppel, and equitable tolling.'" Jarrell v. U.S. Postal Service, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1998)). Waiver, of course, applies where a defendant "intentionally relinquishes or abandons an affirmative defense." Harris v. Secretary, U.S. Dep't of Veterans Affairs, 126 F.3d 339, 343 n. 2 (D.C. Cir. 1997).

Nonetheless, the requirement that an aggrieved employee initially seek relief from the agency by exhausting administrative remedies is "not a mere technicality." Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995). Instead, "it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983). Exhaustion serves the important functions of providing notice to the agency, allowing prompt adjudication and a narrowing of issues, and giving federal agencies the chance to handle matters internally to the maximum extent possible. See Park, 71 F.3d at 907; Brown, 777 F. 2d at 14.

Here, application of these exhaustion principles would preclude plaintiff from proceeding with eight of the thirteen non-selections that she has challenged, as set forth in the list provided in Plaintiff's Opposition at pp. 2-3. Only the claims as to positions eight, ten, eleven and twelve on that list would escape dismissal for failure to exhaust administrative remedies within the applicable time limits.[1] Plaintiff relies on two propositions to respond to defendant's exhaustion arguments.

1.   **Agency Acceptance and Waiver**

First, plaintiff contends that the agency's acceptance of her claims for processing and investigation defeats any timeliness and exhaustion deficiencies raised by defendant. The law in this Circuit, however, is that an agency's acceptance and investigation of EEO complaints that have not been timely filed will not constitute a waiver of a timeliness or exhaustion defense unless there has been a finding on the merits by the agency. See Guerra v. Cuomo, 176 F.3d 547, 551-52 (D.C. Cir. 1999) (where agency has not reached a final decision on the merits of the administrative complaint, no waiver of untimeliness defense); Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997) ("agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint"); Saltz v. Lehman, 672 F.2d 207, 208 (D.C. Cir. 1982) (no waiver even with administrative finding on the merits). Here, of course, it is undisputed that no finding on the merits of plaintiff's administrative claims was made. Plaintiff simply filed this action in federal court while her administrative claims were pending.

Plaintiff relies principally on two cases: Girard v. Rubin, 62 F.3d 1244 (9th Cir. 1995), and Briones v. Runyon, 101 F.3d 287 (2nd Cir. 1996). Those cases are of no avail to plaintiff. In

---

[1] The thirteenth claim listed by plaintiff is addressed separately below.

each, there had been a finding on the merits by the agency, thus distinguishing them from the present case, and putting them in line with the law in this Circuit.

Nor can plaintiff draw any comfort from the fact that an administrative law judge concluded in the administrative case that "equitable tolling" for two years prior to the date of her first EEO contact in May 1999 would be reasonable since that was also the period for which she could recover back pay. Such administrative determinations are not binding once the case is filed in federal court. See Chandler v. Roudebush, 425 U.S. 840, 863 (1976) (Title VII provides for de novo review in district court, although prior administrative findings may be admitted as evidence at trial); Moore v. Devine, 767 F.2d 1541, 1551 (11th Cir. 1985) (district court is not bound by earlier order or findings of EEOC once suit is filed); Blizzard v. Fielding, 572 F.2d 13, 16 (1st Cir. 1978) (parties entitled to de novo review when case filed in district court). The Court therefore concludes that it is not bound by any administrative determination with respect to the timeliness and sufficiency of plaintiff's exhaustion of her administrative remedies.

With respect to waiver or any other equitable theory for avoiding application of timely exhaustion requirements, plaintiff bears the "burden of pleading and proving in the district court any equitable reasons for his failure to meet the [45]-day requirement." Saltz, 672 F. 2d at 217. The Supreme Court has cautioned that these equitable doctrines should be "applied sparingly." Nat'l R.R., 122 S.Ct. at 2072; see also Washington v. Washington Metro. Area Transit Auth., 160 F.3d 750, 753 (D.C. Cir. 1998) (the "court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances") (quotation omitted)). Plaintiff simply has not demonstrated the requisite circumstances that would warrant application of any equitable doctrine to relieve her of the obligation timely to exhaust her administrative

remedies.

2. **<u>Continuing Violation</u>**

Plaintiff likewise can take no solace from the continuing violation doctrine. The Supreme Court's decision in <u>Nat'l R.R.</u> is fatal to any continuing violation theory that might otherwise save plaintiff's claims. In <u>Nat'l R.R.</u>, the Court held that, under Title VII, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 122 S.Ct. at 2072. As the Court explained, "[e]ach incident of discrimination . . . constitutes a separate actionable 'unlawful employment practice'" for which a timely complaint must be filed. <u>Id.</u> at 2073. The Court rejected the contention that a claim based upon a discrete discriminatory act occurring outside the limitations period can be saved from untimeliness if it is "plausibly or sufficiently related" to another discriminatory act for which a timely claim has been filed. <u>Id.</u> at 2072-73. Rather, each discrete discriminatory act, such as failure to promote, "starts a new clock for filing charges alleging that act." <u>Id.</u> at 2072

Most of plaintiff's claims cannot survive in light of <u>Nat'l R.R.</u>. Plaintiff challenges a series of discrete promotion decisions that, under the Supreme Court's rationale, each constitute separate allegedly unlawful employment practices for which she must timely file an administrative claim. Only plaintiff's April 1999 claim relating to a non-selection for a supervisory personnel management specialist position (number eight on her list) was the timely subject of her initial contact with an EEO counselor in May 1999, and only her three later claims of non-selections on October 25, 2000, December 8, 2000, and January 25, 2001 (numbers ten, eleven and twelve on plaintiff's list), are timely by virtue of her amended, or second, complaint of discrimination filed on January 12, 2001, and the preceding contact with an EEO counselor on

November 30, 2000.

To resist this conclusion, plaintiff relies on her allegation that defendant engaged in a "pattern and practice" of discrimination, and a footnote in Nat'l R.R. reserving "the timely filing question with respect to 'pattern-or-practice' claims brought by private litigants." 122 S.Ct. at 2073 n. 9. There is no reason to believe, of course, that the Supreme Court would not apply the rationale expressed in Nat'l R.R. to such cases if the issue were presented to it. Otherwise, the decision in Nat'l R.R. could be denied much of its force by plaintiffs routinely attaching a "pattern and practice" label to claims involving two or more non-selections for promotion.

But this Court need not reach that question. The Supreme Court has only recognized "pattern and practice" discrimination claims in two contexts — when the government brings suit on behalf of others or in a private class action. See Cooper v. Fed'l Reserve Bank of Richmond, 467 U.S. 867, 876 (1984) (distinguishing individual claim of discrimination from pattern or practice case); International Brotherhood of Teamsters v. United States, 431 U.S. 324, 360 (1977); Franks v. Bowman Transportation Co., 424 U.S. 747, 772 (1976). Nearly every federal court considering the issue has observed that a pattern and practice claim is not available to a private, non-class action plaintiff. See, e.g., Celestine v. Petroleos De Venezuella SA, 266 F.3d 343, 355 (5th Cir. 2001) ("The typical pattern or practice discrimination case is brought either by the government or as a class action to establish 'that unlawful discrimination has been a regular procedure or policy followed by an employer or group of employers.'"); Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 759 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999) ("individuals do not have a private, non-class cause of action for pattern or practice discrimination"); Gilty v. Village of Oak Park, 919 F.2d 1247, 1252 (7th Cir. 1990) (pattern or

practice evidence only collaterally relevant to individual claim); Babrocky v. Jewel Food Co., 773 F.2d 857, 866-67 n. 6 (7th Cir. 1985) (pattern or practice "suits by their very nature, involve claims of classwide discrimination"). Cases in this Circuit are consistent with the view that a pattern or practice allegation is a distinct claim, generally reserved for class actions. See Wagner v. Taylor, 836 F.2d 578, 592 n. 94 (D.C. Cir. 1987) ("The term 'pattern or practice' initially referred to suits brought by EEOC under 42 U.S.C. § 2000e-6(c) (1982), but the Supreme Court has recognized that the elements of such a case are the same as those of a private class action. . . . Thus, class-wide allegations of discrimination are commonly referred to as 'pattern or practice' cases."); Williams v. Boorstin, 663 F.2d 109, 115 n. 38 (D.C. Cir. 1980) (in individual case, as opposed to class action, pattern or practice evidence is collateral); Anyaibe v. Gilbert Security Service, Inc., 1995 WL 322452, at *5 (D.D.C. 1995) (pattern or practice claim must involve more than one employee and be raised in EEOC charge); see also B. Schlei & P. Grossman, Employment Discrimination Law 1322 & n. 95 (2d ed. 1983) (pattern or practice suits involve classwide claims).

Plaintiff's claims remain individual allegations involving discrete non-selections for promotion; no class-wide claims or specific references to other employees have been asserted administratively or in this Court. There is no basis in the law, the Court concludes, for avoiding the impact of Nat'l R.R. simply because the label "pattern and practice" has been attached to plaintiff's individual claims.

Plaintiff relies on a recent decision by Judge Sullivan of this Court in Campbell v. Nat'l R.R. Passenger Corp. (AMTRAK), 2002 U.S. Dist. Lexis 18663 (D.D.C. 2002). At the hearing on defendant's motion, plaintiff's counsel represented that the Campbell decision considered and

resolved the "pattern and practice" issue urged by plaintiff before this Court. However, in that case a class action complaint had been filed, asserting that the defendants engaged in a pattern and practice of discriminatory conduct. The Court noted that it had reserved consideration of the viability of plaintiffs' equitable tolling argument pending development of an additional factual record, and concluded only that it would permit such discovery with respect to the "pattern and practice" claim as well. Moreover, the pattern and practice claim at issue there is plainly intertwined with a hostile work environment claim, as noted by the Court. Hence, although the continuing violation issue was not in fact even resolved by Judge Sullivan, it appears in any event to be distinguishable from plaintiff's circumstances in two significant ways: the case is a class action, which is the typical setting in which pattern and practice claims are traditionally permitted, and the pattern and practice claim is part of a hostile work environment claim, as to which the Supreme Court in Nat'l R.R. specifically found the continuing violation doctrine was applicable. Plaintiff therefore can obtain no comfort from the interim decision and observations in Campbell.[2]

The Court therefore concludes that Nat'l R.R. applies to plaintiff's series of discrete non-selection claims, and that the bulk of those claims are therefore subject to dismissal for failure to timely exhaust administrative remedies. The continuing violation doctrine, even if it were available to plaintiff under the law in this Circuit prior to Nat'l R.R., is no longer a viable basis for saving most of plaintiff's non-selection claims as to which she never timely exhausted her

---

[2] On October 28, 2002, plaintiff raised as "supplemental authority" the pre-Nat'l R.R. decision in Mayfield v. Meese, 669 F.Supp. 1123 (D.D.C. 1987). That case was a class action, however, and its discussion of pattern and practice and continuing violation is confined to that context. It is irrelevant to plaintiff's individual claims.

administrative remedies. Indeed, the series of discrete selection decisions over a several-year period that is challenged by plaintiff constitutes precisely the type of discrete discriminatory acts requiring timely complaints for each alleged incident of discrimination under the Nat'l R.R. decision.

3.   **Other Claims**

Plaintiff urges the Court to permit her to proceed on the thirteenth claim on her list (HRM-01-32) because, she contends, it allegedly involves only retaliation. Although administrative exhaustion may be excused as to non-selection claims that are alleged to involve retaliation, that principle is not applicable here. Plaintiff asserts not only a retaliation claim as to her non-selection for HRM-01-32, but also an underlying race, sex and age discrimination claim. Admittedly, she has not timely exhausted her administrative remedies as to those claims. Moreover, her retaliation claim involves a discrete non-selection with different recommending and selecting officials, and therefore is not reasonably related to other claims in this action. Furthermore, plaintiff makes no showing of any causal linkage between a protected activity and her non-selection for the HRM-01-32 position. Under the circumstances, then, plaintiff's obligation to exhaust as to her claim relating to HRM-01-32 cannot be excused.

Lastly, the Court will deny plaintiff leave to amend her complaint to add an additional claim she contends was inadvertently omitted. Although that error might be excusable, two obstacles remain for plaintiff. To begin with, she has failed to comply with the requirements of this Court's Local Rules by not submitting her proposed amended complaint with her motion. Moreover, and more fundamentally, the proposed amendment would be futile, and thus should be denied under Foman v. Davis, 371 U.S. 178, 182 (1962), and its progeny, because plaintiff failed timely to exhaust her administrative remedies with respect to this claim as well.

## CONCLUSION

For the foregoing reasons, defendant's motion for partial dismissal will be granted. All non-selection claims other than those related to four positions – HRM-98-74; HRM-00-24; HRM-00-50; and HRM-01-01 – will be dismissed for failure timely to exhaust administrative remedies. A separate order will be issued on this date.

Signed this _31st_ day of October, 2002.

_____
JOHN D. BATES
United States District Judge

Copies to:
Camilla Carolyn McKinney
Suite 300
1100 15th Street, NW
Washington, D.C. 20005
Counsel for plaintiff

Michael Krasnow
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, NW
Washington, D.C. 20530
Counsel for defendant