UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONOVAN J. LEIGHTON,               )
                                   )
          Plaintiff,               )
                                   )
v.                                 )     Civil Action No. 05-1835 HHK
                                   )
ALBERTO GONZALES, Attorney         )
General, Department of Justice     )
                                   )
          Defendant.               )
_____    )

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Alberto Gonzales, Attorney General, United States Department of Justice, respectfully submits this reply memorandum in further support of his motion for summary judgment. Plaintiff, through counsel, has presented no basis to challenge the facts of the case; therefore, the Defendant's motion should be granted. In Plaintiff's Opposition To Defendant's Motion For Summary Judgment, Plaintiff simply states in conclusory fashion that material issues of both law and fact remain to be addressed. Plaintiff offers in support of this statement only a general reference to "[t]he record in this case" and "[t]he administrative review of the claims alleged in the Complaint."[1]

_____

[1]  Under Local Civil Rules of this Court:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts to

<u>See</u> Plaintiff's Memorandum In Support Of Opposition To Motion For Summary Judgment.  In his "Amended Opposition To Motion For Summary Judgment, Motion For Dismissal And Motion To Strike" ("Amended Opp."), filed January 17, 2006, Plaintiff again alleges that he has raised a factual dispute as to whether Counts III, IV and V, are time-barred, but again, offers no evidence in support of that statement.

Plaintiff fails to recognize that, in order to defeat a motion for summary judgment, he cannot merely <u>state</u> that there is a genuine issue for trial.  Plaintiff must demonstrate a genuine issue of material fact that might affect the outcome of the suit under applicable law.  <u>See</u> <u>Anderson</u> v. <u>Liberty Lobby, Inc</u>., 477 U.S. 242, 247- 48 (1986); <u>Richardson</u> v. <u>National Rifle Association</u>, 871 F. Supp. 499, 501 (D.D.C. 1994).  Moreover, the plaintiff must show specific facts that present a genuine issue worthy of trial.  <u>See</u> <u>Palestine Information Office</u> v. <u>Shultz</u>, 853 F.2d 932, 944 (D.C. Cir. 1988).  Ultimately, the plaintiff must demonstrate that there is sufficient evidence for a reasonable jury to find in his favor.  <u>See</u> <u>Laningham</u> v. <u>U.S. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

_____

which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the part of the record relied on to support the statement.

<u>See</u> Local Civil Rules 7(h) and 56.1.

-2-

Plaintiff does concede that his first two causes of action cannot be maintained as written.[2]  See Amended Opp. at 1.  Thus, those claims have been abandoned and should be stricken.

Plaintiff has failed to meet this burden to establish any dispute of material fact worthy of trial.  He has also failed to address the other reasons which Defendant has set forth that warrant dismissal or summary judgment for Defendant.  For these reasons and those previously set forth in support of Defendant's

---

[2]  Plaintiff's assertions are unclear in some respects, but he does state that "Plaintiff abandons Count I and II, except for [the] Legat Manila claim incorporated in Counts III, IV and V." Amended Opp. at 1.  The allegations regarding Legat Manila, however, are not contained in Count I or II, except insofar as they were incorporated by reference, just as they were in all of the other counts.  Plaintiff also admits that he "has no standing to bring [pattern and practice claims], except as a class-action, which is now alleged." Id.  Defendant posits that this is a typographical error and that Plaintiff meant to say "a class action, which is not alleged."  In any event, nowhere in the Complaint has he made allegations sufficient to support a class action, nor does he allege that he exhausted the requisite administrative remedies as to any class claims.  See, e.g., Complaint, ¶ 1 ("Plaintiff Donovan J. Leighton brings this action . . ."); Fed. R. Civ. P. 23(a); see also Artis v. Greenspan, 158 F.3d 1301 (D.C. Cir. 1998)(holding that a failure to present class-wide claims during EEO Counseling was a failure to exhaust administrative remedies thereby depriving the court of jurisdiction).

Motion To Dismiss Or, In The Alternative, For Summary Judgment,
the action should be dismissed.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney


OF COUNSEL:

AMY ARMSTRONG
Assistant General Counsel
Federal Bureau of Investigation

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's Reply In Support Of Motion To Dismiss Or, In The Alternative, For Summary Judgment has been made through the Court's electronic transmission facilities on this 20th day of January, 2006.

_____
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230