```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

DONOVAN J. LEIGHTON,              )
                                  )
        Plaintiff,                )
                                  )
    v.                            ) Civil Action No. 05-1835 HHK
                                  )
ALBERTO GONZALES,                 )
  U.S. Attorney General,          )
                                  )
        Defendant.                )
_____)
```

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION TO AMEND AND SUPPLEMENT OPPOSITION

Defendant hereby opposes Plaintiff's Amended Motion For Relief From Order And For Leave To Re-File Affidavit In Support Of Amended Opposition To Defendant's Motion For Summary Judgment, Motion For Dismissal, And Motion To Strike.

Plaintiff has already supplemented his opposition to defendant's dispositive motion without seeking leave of Court. Now, after Defendant has completed his reply, Plaintiff seeks to add to the record an affidavit, asserting only in conclusory fashion that he should be permitted to file an affidavit based on "mistake, inadvertence and or excusable neglect" Plaintiff's Motion at 1.  In fact, the only specific reason provided for not filing the document in a timely manner, is the incorrect assertion that the affidavit "was not prepared, executed, notarized and served upon plaintiff in time to accompany the Amended opposition..." Plaintiff's Motion at 1.  This is, in fact, incorrect.  See Exhibit 1 (2/9/06 Letter); Exhibit 2

(January 14, 2006 Facsimile Cover Sheet to Plaintiff).

Defendant believes that Mr. Leighton must take the responsibility for his failure timely to provide his counsel with the completed Affidavit.  When counsel met on January 24, 2006, Plaintiff's attorneys provided to defendant for the first time a draft of Mr. Leighton's Affidavit that Mr. Leighton had not yet signed.  That draft was accompanied by a fax cover sheet indicating that Plaintiff's counsel transmitted it to Mr. Leighton on January 14, 2006.  Assuming that Mr. Leighton was under the impression that he was then free to amend his opposition without leave of Court, he would have been on notice that the latest time by which such amendment was allowed was January 20, 2006, a date set by the Court in its December 23, 2005 Order.[1]  Therefore, when Mr. Leighton received the January 14, 2006 fax with the proposed affidavit, Mr. Leighton still had plenty of time to execute the affidavit -- three days remained before the Amended Opposition was filed and six days remained before the date allowed in the Court's December 23, 2005 Order for his opposition.  Mr. Leighton failed to execute the document by those dates, and finally waited until January 30, 2006 to sign the document.  In short, he had the document 16 days before he

---

[1] Because the Court's December 23, 2005 Order was entered before Mr. Leighton was represented by counsel, it would have been served directly on Mr. Leighton.  If he chose to ignore that date, it cannot be because his counsel failed to notify him of the date.  The Court had already done so.

signed it; that is two days longer than the local rules allow for an opposition (See Local Rule 7); and it was 42 days after Defendant's dispositive motion was served.

Defendant believes that these circumstances do not warrant any excuse for Mr. Leighton's tardiness, but must guard against Mr. Leighton's continued untimeliness (both in his failure timely to initiate the action and to respond to defendant's defenses). The Plaintiff has simply not overcome the hurdle of Fed. R. Civ. P. 6(b)(2), and this has prejudiced the defendant in making Defendant unable to respond with a single reply as contemplated by the rules of the Court.  See Local Civ. R. 7 (allowing for a motion, an opposition and a reply); Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005).

For these reasons, Plaintiff has failed to establish excusable neglect as would warrant his untimely submission.

Accordingly, his motion, insofar as it has not already been ruled upon,[2] should be denied.

                                      Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

[2] On February 16, 2006, the Court entered the following onto the docket:
> MINUTE ORDER denying 17 plaintiff's amended motion to the extent it seeks relief from the order of this court (#15) striking an affidavit unaccompanied by any other filing. The court shall defer ruling on the portion of the motion that seeks to amend and supplement plaintiff's opposition to defendant's motion to dismiss or in the alternative for summary judgment until defendant files a response, if any, thereto. (Kennedy, Henry) (Entered: 02/16/2006).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Opposition to Plaintiff's Motion to Amend and Supplement Opposition and its attachments has been made through the court's electronic transmission facilities on this 1st day of March 2006.

                                                                                               _____

W. MARK NEBEKER, D.C. Bar #396739  
Assistant United States Attorney  
Civil Division  
555 4th Street, N.W.  
Washington, DC  20530  
(202) 514-7230