UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONOVAN J. LEIGHTON,

    Plaintiff,

v.

ALBERTO GONZALES,

    Defendant.

Civil Action No. 05-1835  (HHK/JMF)

**MEMORANDUM ORDER**

This case was referred to me for the resolution of <u>Plaintiff's Amended Motion for Relief from Order and for Leave to Re-File Affidavit in Support of Amended Opposition to Defendant's Motion for Summary Judgment, Motion for Dismissal, and Motion to Strike</u> [#17] ("Am. Mot. for Leave to File"), to the extent that it seeks leave to amend or supplement plaintiff's opposition to <u>Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment</u> [#5].  For the reasons stated herein, plaintiff's motion is **DENIED**.

**PROCEDURAL HISTORY**

On December 19, 2005, defendant filed a motion to dismiss and, in the alternative, for summary judgment.  At that time, plaintiff was proceeding *pro se.*  Accordingly, Judge Kennedy issued an order directing plaintiff to file an opposition to defendant's motion, in which he explained that failure to respond could result in the dismissal of plaintiff's lawsuit and that the factual assertions in defendant's motion may be accepted as true if plaintiff does not submit his own affidavits or other documentary evidence to contradict defendant's assertions. <u>See</u> <u>Order</u>

<u>Directing Plaintiff to Respond to Defendant's Dispositive Motion</u> (Dec. 23, 2006).  Judge Kennedy provided plaintiff until January 20, 2006, to file his opposition. <u>Id.</u>

On January 3, 2006, attorney Mark Sandground, Sr., filed a notice of appearance on behalf of plaintiff and shortly thereafter, on January 14, 2006, attorney Charles Norman Shaffer also noticed his appearance on behalf of plaintiff, as co-counsel with attorney Sandground.

On January 9, 2006, in response to defendant's motion for summary judgment, plaintiff, now represented by counsel, filed an opposition consisting of the following single sentence: "Plaintiff opposes Defendant's Motion for Summary Judgment on the grounds that material issues of both law and fact remained to be addressed." <u>Plaintiff's Opposition to Defendant's Motion for Summary Judgment</u> [#9] at 1.  Plaintiff's opposition was accompanied by a memorandum of law that consisted of the following:

1. Fed. R. Civ. Proc. 56
2. The record in this case
3. The administrative review of the claims alleged in the Complaint

<u>Plaintiff's Memorandum in Support of Opposition to Motion for Summary Judgment</u> at 1.

A week later, plaintiff filed an amended opposition of defendant's motion for summary judgment.  Plaintiff's amended opposition contained slightly more substance, consisting of seven sentences and referring the Court to various paragraphs of his complaint. <u>See</u> <u>Amended Opposition to Motion for Summary Judgment, Motion for Dismissal and Motion to Strike</u> [#12] at 1.  On January 20, 2006, defendant filed a reply brief in response to plaintiff's amended opposition.

On February 2, 2006, almost two weeks after the date by which plaintiff was ordered to have filed his opposition and two weeks after defendant filed his reply brief, plaintiff filed a

document entitled "Affidavit of Donovan J. Leighton." Judge Kennedy immediately ordered the affidavit stricken on the ground that it was not accompanied by any motion or request to make such a filing. See Order (Feb. 2, 2006).

On February 7, 2006, plaintiff moved for relief from Judge Kennedy's order striking his affidavit and for leave to re-file his affidavit, indicating that the affidavit had been intended to support his opposition to defendant's motion for summary judgment. See Plaintiff's Motion for Relief From Order and for Leave to Re-File Affidavit in Support of Amended Opposition to Defendant's Motion for Summary Judgment, Motion for Dismissal, and Motion to Strike [#16] at 1. Judge Kennedy denied that motion without prejudice on the ground that plaintiff failed to comply with Local Rule 7.1(m), which requires a movant to indicate that it discussed the anticipated motion with opposing counsel to determine whether there would be any opposition to the relief sought. See Minute Order (Feb. 8, 2006). Plaintiff subsequently consulted with defendant and amended his motion accordingly. See Am. Mot. for Leave to File at 1-2. On February 16, 2006, Judge Kennedy denied plaintiff's amended motion to the extent that it sought relief from his order striking the affidavit and, on March 7, 2006, referred to this magistrate judge the portion of that motion seeking leave to amend or supplement plaintiff's opposition to defendant's motion to dismiss and for summary judgment. See Minute Order (Feb. 16, 2006); Order Referring Motion to United States Magistrate Judge John M. Facciola (Mar. 7, 2006).

**DISCUSSION**

Plaintiff has provided absolutely no factual support or legal basis for the relief he seeks. According to plaintiff's motion, he has moved, "pursuant to the provisions of Fed. R. Civ. P. 56(e) for leave to re-file the affidavit (#14) as a supplement to the Amended Opposition to

Motion for Summary Judgment, Motion for Dismissal and Motion to Strike (#11) . . . ." Am. Mot. for Leave to File at 1.  In so moving, plaintiff does not explain why he believes that Rule 56(e) allows him to file the affidavit two weeks after the expiration of the deadline for filing his opposition and two weeks after defendant filed his reply brief.  The only language in Rule 56(e) upon which plaintiff could possibly be relying is the following:  "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits."  Fed. R. Civ. P. 56(e).  This language is inapposite – it appears to simply mean that a party, in moving for summary judgment or in opposing such a motion, can rely on record evidence other than just the affidavit(s) submitted with the moving party's brief, such as depositions and answers to interrogatories, as well as obtaining additional affidavits.  The clause makes no reference to the timing of such submissions.

      Moreover, plaintiff's explanation for his delay consists *solely* of the following sentence: "Through the mistake, inadvertence and or excusable neglect of Plaintiff's counsel the affidavit (#14) was not prepared, executed, notarized and served upon the Plaintiff in time to accompany the Amended Opposition, etc. (#11)."  Am. Mot. for Leave to File at 1.  Plaintiff provides no specific reason for the untimely addition to his opposition, such as newly discovered evidence or an emergency that rendered plaintiff unavailable to his counsel.  He provides no explanation as to why he filed two oppositions without the affidavit, without reference to such an affidavit, or without a request for leave to file an affidavit at a later date.  In conflict with plaintiff's bald assertion of mistake and inadvertence, it appears that plaintiff had a copy of his affidavit almost a week before the January 20, 2006 deadline – three weeks before his counsel got around to filing it with the Court.  See Defendant's Opposition to Plaintiff's Motion to Amend and Supplement

Opposition, Exh. 2 (a facsimile sent to plaintiff by his counsel dated January 14, 2006, containing a copy of the affidavit). Plaintiff also fails to address the prejudice to defendant, who has devoted time and energy to drafting a reply brief, which, if plaintiff is allowed to supplement his opposition at this late date, he will have to do all over again.

Based on plaintiff's filings to date, the asserted "mistake" and "inadvertence" appears to have been a disregard for the basic rules of civil procedure. That is not sufficient. Given the significance of a motion for summary judgment and the magnitude of the consequences of failing to adequately oppose such a motion, it seems to me that plaintiff and his counsel should have put a little more care into plaintiff's opposition. In the end, plaintiff has provided the Court with no justification for his failure to submit the affidavit *with* his opposition or amended opposition and no legal ground upon which I could allow him to supplement those oppositions now. **Accordingly, plaintiff's motion for leave to re-file the affidavit, to the extent that he is seeking permission to amend or supplement his opposition to defendant's motion for dismissal and summary judgment is denied.**

**SO ORDERED.**

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**Dated:**