UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONOVAN J. LEIGHTON,<br><br>              Plaintiff,<br><br>        v.<br><br>ALBERTO GONZALES,<br><br>              Defendant. | Civil Action 05-01835 (HHK) |

MEMORANDUM OPINION

Plaintiff Donovan J. Leighton ("Leighton") brings this employment action against Alberto Gonzales, in his official capacity as Attorney General of the United States, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Leighton alleges that his employer, the Federal Bureau of Investigation ("FBI"), a component of the Department of Justice, discriminated against him on the basis of his race and in retaliation for his having engaged in protected equal employment opportunity activity. Before the court is the FBI's motion to dismiss, or in the alternative, for summary judgment. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the FBI's motion must be granted.

I.  BACKGROUND

Leighton, who is Black, began his employment with the FBI in 1978 and has served in several positions with the agency both domestically and abroad. Compl. ¶ 7. At the time this suit was filed he was a GS-15 Supervisory Special Agent. *Id.*[1] During his career, Leighton has filed

---

[1] GS-15 corresponds to the fifteenth level of the federal government's General Schedule (GS) pay plan, which determines the salaries of federal employees. There are 15 GS levels in all,

several internal employment discrimination complaints and was a named plaintiff in a class action lawsuit against the FBI that resulted in a settlement agreement in 1996. *See id.* ¶ 8.[2]

In the present action, Leighton alleges he suffered five adverse employment actions during 2002–2003, each of which violated Title VII. *See id.*[3] Leighton filed an internal complaint with the Department of Justice Equal Employment Opportunity Complaint Adjudication Office ("CAO") in November 2002 and added additional claims to his complaint during 2002 and 2003. After reviewing his complaint, the CAO determined that Leighton was "not subjected to discrimination based on either race or reprisal," and issued its final decision on June 7, 2005. Compl., Ex. 1 ("CAO Notice") at 1. The CAO Notice specifically advised Leighton that he had the "right to appeal any part of this decision to the [Equal Employment Opportunity Commission (EEOC)] . . . within thirty days of the date [he] received this decision." *Id.* In addition, it stated that he had "the right to file a civil action in an appropriate U.S. District Court within ninety days of the date [he] receive[d] this decision." *Id.* Leighton, proceeding pro se, filed his complaint in this court on September 16, 2005, ninety eight days after he received the CAO Notice. *See* Compl. at 1.

---

and a federal employee's salary increases as that employee's level on the scale increases. *See Kilpatrick v. Paige*, 193 F. Supp. 2d 145, 148 n.1 (D.D.C. 2002).

[2] *See Johnson v. Reno,* 1996 U.S. Dist. LEXIS 5347 (D.D.C. Apr. 17, 1996) (commonly known as the BADGE litigation, the acronym stands for "Black Agents Don't Get Equality").

[3] Leighton appears to have abandoned the first two claims in the complaint: hostile work environment and pattern and practice of discrimination. He "concedes that he has no standing to bring [pattern and practice], except as a class-action, which is now [sic] alleged." Pl.'s Am. Opp'n at 1; *see also* Def.'s Reply, at n. 2 ("Defendant posits that this is a typographical error and that Plaintiff meant to say 'a class action which he has not alleged.'").

## II. ANALYSIS

The FBI's motion to dismiss, or, in the alternative, for summary judgment is grounded, in part, on its assertion that this action is time barred. The FBI's position has merit.

A federal employee who files a lawsuit under Title VII must have exhausted any administrative remedies available to him through his agency's internal employment discrimination process. 29 C.F.R. § 1614.407. The agency is obligated to investigate the complaint and issue a final decision. *Id.* § 1614.108. Thereafter, the employee may file an action in court within ninety days of receiving an adverse final decision from the agency, or, if no final decision has been issued, within 180 days of filing his administrative complaint. 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407; *see also Jones v. Ashcroft*, 321 F. Supp. 2d 1, 10 (D.D.C. 2004) (dismissing suit for failure to exhaust administrative remedies due to filing the complaint prior to the end of the 180-day period).[4] Receipt of an agency decision is normally presumed to occur three days after issuance. *See Powell v. Wash. Metro. Area Transit Auth.*, 238 F. Supp. 2d 160, 163 (D.D.C. 2002).

The requirement that a suit be initiated within ninety days of receiving a final agency decision operates as a statute of limitations rather than as a jurisdictional bar, and as such is "subject to equitable doctrines of waiver, estoppel, and tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The court may toll this statute of limitations in "extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1998). In the absence of such a circumstance, however, "the court cannot extend the limitations

---

[4] The ninety-day requirement begins to run upon receipt of the final notice. *See* Compl., Ex. 1 at 1. Courts have interpreted the ninety-day requirement to be ninety calendar days. *See, e.g., Baker v. Henderson*, 150 F. Supp. 2d 17, 20-21 (D.D.C. 2001); *cf Colbert v. Potter*, 2005 WL 3273571 at *n.1 (D.D.C. 2005) (noting in the Final Agency Decision issued by the United States Postal Service that filing should take place within "90 calendar days.").

period by even one day." *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995) (citation omitted) (dismissing complaint filed ninety seven days after plaintiff received final agency decision); *see also Smith-Haynie v. District of Columbia,* 159 F.3d 575, 577 (D.C. Cir. 1998) (dismissing suit filed ninety two days after plaintiff received final agency decision); *Smith v. Dalton*, 971 F. Supp. 1 (D.D.C. 1997) (dismissing suit filed after ninety one days).

The FBI contends that this action was not filed timely, and the court agrees. Leighton received the CAO Notice of its final decision, *see* Compl., Ex. 1, which was mailed to him on June 7, 2005. *Id*; Def.'s Mot. Ex. S (Carson Decl.) at ¶¶ 1–7. Given the presumption that Leighton received the CAO Notice three days after it was mailed, he is deemed to have received the Notice on June 10, 2005. Leighton filed his complaint on September 16, 2005, ninety eight days later, *see* Compl. at 1,[5] eight days too late.

Moreover, there is no evidence in the record to indicate that Leighton has filed an appeal with the EEOC, which would permit him to file a lawsuit 180 days later. Even if he had filed an appeal with the EEOC, however, this action could not survive as Leighton still would not have exhausted his administrative remedies. Under this scenario, he would have been required to wait until December 19, 2005, before filing his lawsuit.[6]

In his opposition to the FBI's motion, prepared by counsel, Leighton offers no explanation for his failure to meet the appropriate deadline, and thus does not present the court with any

---

[5] The complaint is dated September 13, 2005, but it was not filed with the court until September 16, 2005.

[6] The 180-day period would have ended on Saturday, December 17, 2005, and thus the first date on which he could file would be the following Monday, December 19, 2005.

"extraordinary" circumstance which would justify equitable tolling.  Plaintiff merely contends that he "exhausted his administrative remedies and 180 days ha[d] passed since the initial filing of his complaint."  Compl. ¶ 6.  As discussed above, however, 180 days is not the correct deadline: a180 day deadline starts to run at the time an *appeal* is taken to the EEOC, not when a complaint is filed with the employer.

### III. CONCLUSION

Because Leighton did not file this action timely and there are no equitable considerations that would excuse his failure to do so, the FBI's motion must be granted.[7]  An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

Dated: February 26, 2007

---

[7] The FBI argues that Leighton's complaint should be dismissed on several additional grounds but the court need not reach these additional arguments.